**JIANLING LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–71868.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Kurt Miller, Esquire, The Law Offices of Kurt Miller, Morgan Hill, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai-Windle, Senior Litigation Counsel, OIL,

U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jianling Liu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997), and de novo claims of due process violations, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because the inconsistency between Liu's testimony and asylum application regarding the nature of the harm she allegedly suffered goes to the heart of her claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Substantial evidence also supports the IJ's credibility determination based on the omission of her alleged forced abortion from her asylum application. *See de Leon–Barrios*, 116 F.3d at 393–94. Liu's contentions that the IJ imputed his own personal opinion, beliefs and experiences in formulating assumptions about China, is not supported by the record.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Accordingly, Liu's asylum and withholding of removal claims fail. *See id.* at 394.

We lack jurisdiction to review Liu's due process contention because she failed to raise it in her brief to the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.